# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JASON NATHANIEL LUTTRELL, )
)
    Plaintiff, )
)
v. )
) Case No. CV415-006
DR. BARRY HENDERSON; DR. )
AWE; and NURSE PRACTITIONER )
AGYEMANG, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff Jason Luttrell, an HIV-positive former inmate proceeding *pro se* and *in forma pauperis*, brings 42 U.S.C. § 1983 claims against three medical providers employed by Coastal State Prison. Doc. 1. He alleges that defendants each "dropped the ball or neglected [his] pleas" for treatment of his HIV and possible lymphoma. *Id.* at 8. The Court screens his complaint to determine whether he has stated a cognizable claim for relief.[1]

---

[1] *See* 28 U.S.C. § 1915(e)(2)(B) (requiring a district court to dismiss *sua sponte* an IFP complaint that fails to state a claim for relief, is frivolous or malicious, or seeks monetary relief from a defendant immune from such relief); 28 U.S.C. § 1915A(a) (courts must review prisoner complaints seeking redress from governmental employees for failure to state a claim); *see also Johnson v. Hill*, 965 F. Supp. 1487, 1488 (E.D. Va. 1997) (screening under 1915A proper even though plaintiff released

As it turns out, Luttrell's requested relief is moot. In full, he asks the Court to:

> Please force them to make the appointment with an oncologist to biopsy one of the many swollen lymphnodes [sic] and more blood work to determine exactly what is going on. I don't want to be the guy that hears "If we had only caught it sooner." Or let me go and get the medical attention that I need from professionals on the outside.

Doc. 1 at 9. Nowhere does he seek monetary damages from any defendant, only injunctive relief. *See, e.g., Farrow v. West*, 320 F.3d 1235, 1241 (11th Cir. 2003) (inmate filed § 1983 claim against prison doctor who prescribed dentures but refused to order them for fifteen months and sought injunctive relief in the form of completion and delivery of the dentures).

"The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984); *see also Mauldin v. Donald*, 2008 WL 4661239 at * 2 n. 1 (S.D. Ga. Oct. 21, 2008) (Americans with Disabilities Act claims moot because prisoner

---

from custody after filing complaint because (1) he was a prisoner when he filed suit, and (2) "the suit . . . advance[d plaintiff's] concerns about misconduct by prison officials").

was no longer incarcerated at time of decision).[2] Here, Luttrell has been released from prison entirely, (he was paroled on February 7, 2015 with no subsequent return to any Georgia correctional facility).[3] Nor does he point to any other legal duty for anyone to furnish him with medical care. Consequently, any order requiring defendants to make him an oncology appointment and perform more blood work would be utterly pointless. His complaint accordingly should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED**, this 21st day of August, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] An exception exists if the prisoner can show that he likely would be returned to the prison and the conditions are likely to recur. *See McKinnon*, 745 F.2d at 1363. That exception does not apply here "[s]ince [Luttrell] is no longer in the custody of [prison] officials." *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984). Thus, "the most that can be said for his standing is that *if* he is . . . convicted of another crime and is incarcerated in [Coastal State Prison], he might be subject to [constitutional deprivations]." *Id.* Such attenuated speculation cannot form the basis for court ordered relief. *Id.*

[3] *See* Georgia Department of Corrections Prisoner Locator, *available at* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp?Institution.

3